**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2828-23

PORSIA S. GRAHAM,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR AND
WORKFORCE DEVELOPMENT,
and SUMMIT HEALTH
MANAGEMENT, LLC,

     Respondents.

_____

Submitted February 4, 2026 – Decided March 27, 2026

Before Judges Paganelli and Vanek.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 288224.

Porsia S. Graham, self-represented appellant.

Jennifer Davenport, Acting Attorney General, attorney for respondent Board of Review (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Gina M. Labrecque, Deputy Attorney General, on the brief).

PER CURIAM

Porsia S. Graham appeals from a March 27, 2024 final agency decision of the Board of Review, Department of Labor and Workforce Development (Board). The Board had dismissed her appeal of its redetermination and request for refund of overpaid unemployment benefits as untimely. We affirm.

Graham received unemployment benefits from October 11, 2020, through July 24, 2021. On March 15, 2022, the Division of Unemployment and Disability Insurance (the Division) issued a redetermination decision, finding she was ineligible for benefits for those dates, because her earnings "exceeded her partial weekly benefit rate." The Director of the Division determined Graham was required to repay approximately eight thousand dollars, relying on N.J.S.A. 43:21-16(d).

On March 21, 2022, Graham appealed the redetermination decision and the request for repayment. A telephonic hearing was scheduled for May 6, 2022. Graham failed to register and did not appear for her hearing. The Appeal Tribunal notified Graham that her appeal was dismissed pursuant to N.J.A.C. 1:12-14.4(a).

On May 19, 2022, Graham wrote to the Appeal Tribunal and requested another hearing. The matter was reopened. The Appeal Tribunal notified

2

Graham that another hearing was scheduled for August 1, 2022. Again, Graham failed to register and appear for the hearing. On August 3, 2022, the Appeal Tribunal notified Graham that her appeal was dismissed pursuant to N.J.A.C. 1:12-14.4(a).

On August 15, 2022, Graham requested another hearing, explaining she "failed to attend the telephone hearing because [she] missed the deadline for registering" as she went to register the Sunday prior to the Monday hearing, instead of the business day prior, which would have been Friday. She stated that she left three phone messages, but received no return call.

On October 3, 2022, the Appeal Tribunal denied Graham's request for a new hearing. In its decision, the Appeal Tribunal relied on N.J.A.C. 1:12-14.4(b). The code provides:

> If an appeal tribunal issued an order of dismissal for non[-]appearance of the appellant, the chief appeals examiner shall, upon application made by such appellant, within six months after the making of such order of dismissal, and for good cause shown, set aside the order of dismissal and shall reschedule such appeal for hearing in the usual manner.
>
> [N.J.A.C. 1:12-14.4(b) (emphasis added).]

The Appeal Tribunal acknowledged that "good cause" is not defined in N.J.A.C. 1:12-14.4(b) and relied upon N.J.A.C. 12:20-3.1(i), because it defines "good cause" in a related context. N.J.A.C. 12:20-3.1(i) provides:

> A late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause. Good cause exists in circumstances where it is shown that:
>
> > 1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or
> >
> > 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.

The Appeal Tribunal denied Graham's request to have its previous decision vacated and schedule a new hearing. The Appeal Tribunal found Graham was provided with two methods to register for the hearing and she failed to register. In addition, it determined that Graham "did not provide a reason why [she] missed the deadline to register for the hearing. . . . [And] ma[de] no showing [that he]r failure to register for the hearing was due to circumstances beyond [he]r control or 'which could not have been reasonably foreseen or prevented,'" (quoting N.J.A.C. 1:12-14.4(b)). The Appeal Tribunal explained Graham had twenty days to appeal to the Board or the decision would become final.

4

On January 31, 2023, Graham appealed the Appeal Tribunal's October 3, 2022 decision to the Board. On July 19, 2023, the Board notified Graham her appeal was under consideration. The Board advised that "if the appeal [wa]s timely, the Board w[ould] evaluate the entire record," including any evidence that Graham may provide.

On July 26, 2023, Graham wrote to the Board and explained the history regarding her application for unemployment benefits. Graham requested a recalculation of her unemployment benefits; an explanation as to why she owed a refund; and forgiveness of any amount owed, explaining she was under "financial hardship."

On March 27, 2024, the Board issued its final decision, dismissing the appeal. The Board stated "that the appeal was filed late, in that it was filed subsequent to the expiration of the statutory period of twenty days from the date of mailing of the Appeal Tribunal decision," relying on N.J.S.A. 43:21-6(c); and there was no good cause shown to justify the late filing, relying on N.J.A.C. 12:20-4.1(h).

Graham appeals from the Board's March 27, 2024 final decision. She claims a lack of understanding as to why unemployment is seeking a refund and believes unemployment may owe her funds. Further, Graham states she "had no

knowledge that [she] was being overpaid" or that she "certifi[ed] incorrectly." Graham also asserts that the Division "failed to communicate and provide documentation . . . and . . . left [her] confused." She requests we dismiss the matter and direct the Division to issue her a refund.

"We review a decision made by an administrative agency entrusted to apply and enforce a statutory scheme under an enhanced deferential standard." E. Bay Drywall, LLC v. Dep't of Lab. & Workforce Dev., 251 N.J. 477, 493 (2022). Accordingly, "we will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Sullivan v. Bd. of Rev., Dep't of Lab., 471 N.J. Super. 147, 155-56 (App. Div. 2022) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). The burden to show an agency's abuse of discretion "is on the challenger." Parsells v. Bd. of Educ. of Somerville, 472 N.J. Super. 369, 376 (App. Div. 2022), aff'd as modified, 254 N.J. 152, 168 (2023).

> In determining whether agency action is arbitrary, capricious, or unreasonable, a reviewing court must examine:
>
> (1) [W]hether the agency's action violates express or implied legislative policies, that is, did the agency follow the law;

(2) whether the record contains substantial evidence to support the findings on which the agency based its action; and

(3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[Sullivan, 471 N.J. Super. at 156 (alteration in original) (quoting In re Carter, 191 N.J. 474, 482-83 (2007)).]

Moreover, "we defer to an agency's expertise." Ibid. "[W]here there is substantial evidence in the record to support more than one regulatory conclusion, 'it is the agency's choice which governs.'" Murray v. State Health Benefits Comm'n, 337 N.J. Super. 435, 442-43 (App. Div. 2001) (quoting In re Vineland Chem. Co., 243 N.J. Super. 285, 307 (App. Div. 1990)). Under those circumstances, "we cannot substitute our judgment for that of the agency, even if we would have decided the case differently." Id. at 443.

Applying this well-established law, we conclude Graham fails to sustain her burden to establish the Board's decision was arbitrary, capricious, or unreasonable. Instead, the evidence in the record reveals that she was provided multiple opportunities to appear and present evidence regarding her claim and failed to do so. Moreover, she failed to timely file an appeal of the October 3, 2023 decision, which led to the Board's March 27, 2024 final decision to dismiss

7

the appeal under the statute and code and offered no evidence of good cause to allow a late filing. Under these circumstances, the Board's decision to deny her appeal was not arbitrary, capricious, or unreasonable.

To the extent we have not addressed Graham's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2828-23